U.S. COURT OF APPEALS
RECEIVED
CLERK

DEC 0 6 2024

ATLANTA, GA

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| United States Of America | |
| Appellee | App No: 24-13429-D |
| v | Appeal From: MD Fl Case No: |
| Perry Johnson | 2:03-cr-031-JES-KCD-2 |
| Defendant-Appellant | |

## APPELLANT'S OPENING BRIEF

### Statement On Oral Argument

This case raises an issue of first impression in this Circuit, namely whether or not the change in the law effected by §403 of the First Step Act of 2018, PL 115-391, Dec 21, 2018, 132 Stat 5194, can be an "extraordinary and compelling reason" to reduce a sentence pursuant to USSG §1B1.13 (b) (6) (2023). As such, this Court may wish to consider oral argument.

### Table Of Contents

| | page |
|---|---|
| * Jurisdictional Statement | 1 |
| * Summary Of The Issues | 1 |
| * Factual And Procedural Background | 2 |
| * Standard Of Review | 4 |
| * Summary Of The Argument | 4 |

-i-

# Table Of Contents

Page

\* Argument

I. The District Court Erred In Finding That § 403 Of The First Step Act Is Not A Cognizable "Change In The Law" That Can Provide The Basis For A Finding Of An "Extraordinary And Compelling Reason" To Reduce A Sentence Under 18 USC § 3582(c)    6

II. The District Court Erred In Failing To Consider The Nature And Seriousness Of Any Danger A 79-Year Old Johnson Would Pose After Serving His New Mandatory Minimum Sentence And By Placing Excessive Weight On The Crimes Johnson Committed Over Twenty Years Ago.    11

Table Of Authorities

Cases

|  |  | Page |
|---|---|---|
| * | Drazen v. Pinto  101 F4TH 1224 (11TH Cir 2024) | 9 |
| * | Harris v. Garner  216 F3d 970 (11TH Cir 2000) (enbanc) | 9 |
| + | Johnson v. United States  2007 US Dist LEXIS 62706 (MDFl 2007) | 2 |
| * | Packard v. Comm'r  746 F3d 1219 (11TH Cir 2014) | 9 |
| * | Ratzlaf v. United States  510 US 135 (1999) | 9 |
| * | United States v. Amedeo  487 F3d 823 (11TH Cir 2007) | 12 |
| * | United States v. Andrews  12 F4TH 255 (3RD Cir 2021) | 7 |
| * | United States v. Barrington  648 F3d 1178 (11TH Cir 2021) | 4 |
| * | United States v. Brooks  2024 US App LEXIS 20109 (11TH Cir 2024) | 9 |
| * | United States v. Bryant  996 F3d 1243 (11TH Cir 2021) | 8, 11 |
| * | United States v. Butler  39 F4TH 1349 (11TH Cir 2022) | 12 |
| * | United States v. Chinchilla  987 F3d 1303 (11TH Cir 2021) | 9 |
| * | United States v. Crandall  25 F4TH 582 (8TH Cir 2022) | 7 |
| * | United States v. Giron  13 F4TH 1343 (11TH Cir 2021) | 4 |
| * | United States v. Howell  2024 US App LEXIS 522150 (11TH Cir 2024) | 4, 9 |
| * | United States v. Hurtado  779 F2d 1467 (11TH Cir 1985) | 4 |
| * | United States v. Jarvis  999 F3d 442 (6TH Cir 2021) | 7 |
| * | United States v. Johnson  134 F Appx 284 (11TH Cir 2005) | 2 |
| * | United States v. Johnson  2020 US Dist LEXIS 225669 (MDFl 2020) | 2 |
| * | United States v. King  40 F4TH 594 (7TH Cir 2022) | 7 |
| * | United States v. Loggins  966 F3d 891 (8TH Cir 2020) | 7 |
| * | United States v. McCall  56 F4TH 1048 (6TH Cir 2022) (enbanc) | 7 |

Table Of Authorities

Cases                                                                    page

* United States v. McGee  992 F3d 1035 (10TH Cir 2021)                  10

* United States v. Myrne  753 Fed Appx 855 (11TH Cir 2018)              8

* United States v. Ramirez-Flores  743 F3d 816 (11TH Cir 2014)         8

* United States v. Thacker  4 F4TH 569 (7TH Cir 2021)              7

* United States v. Tinker  14 F4TH 1234 (11TH Cir 2021)            11

* United States v. Young  108 F4TH 1307 (11TH Cir 2024)            9


Statutes

* 18 USC §924(c)                                                         2-3

* 18 USC §2113(a), (d)                                                   2

* 18 USC §3142(g)                                                        4-5, 11-14

* 18 USC §3231                                                           1

* 18 USC §3582(c)(1)(A)                                                  1-6, 8-10, 13

* 18 USC §3742(a)                                                        1

* 28 USC §994(t)                                                         8

* 28 USC §5861(d)                                                        2

* 28 USC §5871                                                           2

* First Step Act Of 2018, PL 115-391, Dec 21, 2018, 132 Stat 5194 8403   1, 3, 5-10


Sentencing Guidelines

* USSG §1B1.13(b)(6)(2003) and commentary (aka Amendment 814)            1, 3-6, 8-11

<u>Table Of Authorities</u>

<u>Federal Rules</u> page

* Fed. R. App. P. 4 (b) (i)(A)(i)     1

## Jurisdictional Statement

1) The District Court had jurisdiction over the original criminal proceedings pursuant to 18 USC § 3231. It had jurisdiction over Johnson's motion for reduction of sentence pursuant to 18 USC § 3582 (c)(1)(A)(i). The District Court entered its order denying the motion for reduction of sentence on September 18, 2024. Doc 196. Johnson timely noted his appeal October 1, 2024. Doc 197. This Court has jurisdiction over this appeal pursuant to 18 USC § 3742 (a) and Fed. R. App. P. 4(b)(1)(A)(i).

## Summary Of The Issues

2) The District Court erred in finding that § 403 of the First Step Act of 2018, PL 115-391, Dec 21, 2018, 132 Stat 5194 was not a "change in the law" cognizable as an "extraordinary and compelling reason" for a reduction in sentence under USSG § 1B1.13 (b)(6) (2023) by relying solely on out of circuit case law, rejected by the Sentencing Commission, that interpreted the pre-2023 standard. Doc 196 p. 9-12.

3) The District Court erred in failing to consider the nature and seriousness of any danger Johnson would pose if he were released from prison at age 79 after serving his new mandatory minimum sentence and in giving undue weight to the crimes Johnson committed over 20 years ago.

-1-

USCA11 Case: 24-13429    Document: 10    Date Filed: 12/06/2024    Page: 7 of 21

Factual And Procedural Background

4) On March 19, 2003, Johnson and his co-defendant, Eddie Butler Cava-naugh, were indicted on two counts of armed bank robbery in violation of 18 USC §2113 (a) and (d), two counts of using, carrying or possessing a firearm in furtherance of a crime of violence in violation of 18 USC §924(c)(1)(A)(iii) and 18 USC §924(c)(1)(A), (c)(i) and (c)(ii), and possession of un registered explosives in violation of 28 USC §§5861(d) and §5871. Doc21. Cavanaugh pled guilty to all but one of the 18 USC §924(c)(1)(A) counts and was sentenced to 135 months. Doc140. John-son went to trial and was convicted of all counts Doc121. On May 3, 2004, Johnson was sentenced to 135 months imprisonment, a concurrent sentence of 120 months imprisonment, a consecutive sentence of 120 months on the first 18 USC §924(c) conviction, and a consecutive life sentence on the second 18 USC §924(c) conviction.

5) On May 17, 2005, Johnson's convictions and Sentence were upheld on appeal. Doc158; United States v. Johnson 134 F Appx 284 (11ᵗʰ Cir 2005) On August 24, 2007, Johnson's first motion under 28 USC §2255 was denied. Doc161; Johnson v. United States 2007 US Dist LEXIS 62706 (MD Fl 2007)

6) On December 2, 2020, Johnson's first motion for reduction of sentence pursuant to 18 USC §3582(c)(1)(A)(i) was denied. Doc180; United States v. Johnson 2020 US Dist LEXIS 225669 (MD Fl 2020). In

-2-

this motion, Johnson argued that his consecutive sentences under 18 USC §924(c) and his health in light of the COVID-19 pandemic were "extraordinary and compelling reasons" for relief.

7) On November 1, 2023, the 2023 amendments to the United States Sentencing Guidelines took effect. Amendment 814, one of these amendments, created USSG §1B1.13(b)(6) (2023), which allows a defendant who has received a sentence affected by a non-retroactive change in law to seek relief, provided he meets certain criteria. As Johnson meets these criteria, he filed the instant second motion for relief pursuant to 18 USC §3582(c)(1)(A)(i), raising his consecutive sentences under 18 USC §924(c) and the changes in the law created by §403 of the First Step Act as an "extraordinary and compelling reason" justifying relief. Doc183. Though Johnson did not raise his medical conditions as a potentially "extraordinary and compelling reason" justifying relief, the Court also construed and adjudicated such a claim.

8) On September 18, 2024, the District Court denied Johnson's motion of Doc 183. Doc 186. In so doing, it erred by finding that §403 of the First Step Act did not effect a change in the law cognizable by USSG §1B1.13 (b)(6), and by solely relying on Johnson's crimes over 20 years ago, and not considering the nature and seriousness of any danger Johnson would pose at age 79, the earliest he would be released if his sentence were

-3-

reduced to his new mandatory minimum. On October 1, 2024, Johnson noted his appeal to raise these issues before this Court.

## Standard Of Review

9) This Court "review[s] de novo whether a defendant is eligible for a sentence reduction under 18 USC §3582 (c)(1)(A)." United States v. Giron 13 F 4TH 1343 (11TH Cir 2021). "After eligibility is established, [this Court]... review[s] the district court's denial of a prisoner's §3582(c)(1)(A) motion for abuse of discretion." United States v. Howell 2024 US App LEXIS 22150 (11TH Cir 2024) citing Giron. When reviewing a district court's 18 USC §3142(g) analysis, this Court reviews the first two factors de novo and the second two for clear error. United States v. Hurtado 779 F2d 1467 (11TH Cir 1985). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedure in making its decision, or makes clearly erroneous factual findings. United States v. Barrington 648 F3d 1178 (11TH Cir 2021)

## Summary Of The Argument

10) The District Court found that Johnson had exhausted his administrative remedies (Doc196 p.3 n.2), that the Sentencing Commission had authority to propagate USSG §1B1.13(b)(6) (Doc196 p.6-7), that Johnson has served at least ten years of imprisonment (Doc196 p.6) and that Johnson had received an "unusually long sentence" (Doc196 p.11) that created

-4-

a "gross disparity." (Doc196 p.11) Citing, however, to out of Circuit case law applying the pre- 2023 standard, the district court found that §403 of the FIRST STEP Act categorically could not create a change in law cognizable under 18 USC §3582 (c)(1)(A)(i) and USSG §1B1.13 (b)(6)(2023). Doc 196 p.11-12. This finding applied the wrong standard and is contrary to the text of USSG §1B1.13 (b)(6) (2023) and should be reversed.

11) The district court also found that Johnson posed a danger to the community under 18 USC §3142(g). Doc196 p.13-17. This analysis focused almost entirely on the crimes Johnson committed over 20 years ago, to the exclusion of Johnson's current condition, including his deteriorating health and physical inability to commit further crimes. Most importantly, the district court completely failed to consider the fourth 18 USC §3142(g) factor, the nature and seriousness of the danger Johnson would pose if his sentence was reduced to the new, post-§403, mandatory minimum of 40 years and he was released at age 79. This was an error of law and, because 79 year olds in bad health don't pose a danger, a clear error of fact. This matter should be remanded to the district court for further proceedings.

<u>Argument</u>

I   The District Court Erred In Finding That §403 Of The First Step Act Is Not A Cognizable "Change In The Law" That Can Provide The Basis For A Finding Of An "Extraordinary And Compelling Reason" To Reduce A Sentence Under 18 USC §3582 (c)

2) USSG §1B1.13 (b)(6)(2023) states that:

"If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

<u>Doc196</u> p.4.

3) In the commentary to USSG §1B1.13 (b)(6)(2023), the United States Sentencing Commission stated that it enacted USSG §1B1.13 (b)(6)-(2023) "to respond to a circuit split concerning when if ever non-retro-active changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A)." It then cites some cases it intends to void, which are either the same cases the District Court cited with approval here, or cases from which the

cases cited by the district court derived. Doc 196 p. 11-12. These cases are <u>United States v. Andrews</u> 12 F 4TH 255 (3RD Cir 2021), <u>United States v. McCall</u> 56 F 4TH 1048 (6TH Cir 2022) (enbanc) (derivative of <u>United States v. Jarvis</u> 999 F3d 442 (6TH Cir 2021)), <u>United States v. King</u> 40 F 4TH 594 (7TH Cir 2022) (derivative of <u>United States v. Thacker</u> 4 F 4TH 569 (7TH Cir 2021)) and <u>United States v. Crandall</u> 25 F 4TH 582 (8TH Cir 2022) (derivative of <u>United States v. Loggins</u> 966 F3d 891 (8TH Cir 2020)). Addressing these decisions, the Sentencing Commission states that it rejects them because it "agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction."

18) Here, the District Court ruled that Johnson met all of the criterion to have § 403 of the First Step Act considered as a potential extraordinary and compelling reason to reduce his sentence. It found that:

   i) Johnson had received an unusually long sentence. Doc 196 p 11;

   ii) Johnson had served at least ten years of his term of imprisonment. Doc 196 p. 6;

   iii) that § 403 of the First Step Act had created a gross disparity. Doc 196 p. 11.

Despite this, the District Court found that § 403 of the First Step Act was not a cognizable "change in the law" because, despite the Sentencing Commission's lawful authority to say otherwise, Doc 196 p. 6-7, following

-7-

the law would "thwart the will of Congress." Doc196 p.11.

15) By refusing to consider USSG §1B1.13(b)(6)(2023), the District Court violated the plain text of 18 USC §3582(c)(1)(A), which requires that "such a reduction [be] consistent with applicable policy statements issued by the Sentencing Commission" and 28 USC §994(t), which grants the Sentencing Commission power to "describe what should be considered extraordinary and compelling reasons for sentence reduction." United States v. Bryant 996 F.3d 1243 (11ᵀᴴ Cir 2021). These statutes do "not grant discretion to courts" to determine what is or is not an extraordinary and compelling reason to reduce a sentence, and it thwarted the will of Congress for the District Court to set aside the sentencing guidelines and interpose its own decision about whether or not §403 of the First Step can, categorically, be a change in the law that presents an extraordinary and compelling reason to reduce a sentence. Bryant. The Court should reverse and remand on this ground.

16) By adopting the reasoning of cases interpreting the pre-2023 guidelines, the Court also erroneously applied the pre-2023 standard. "[w]here this circuit has established a clear legal standard, it is plain error for a district court not to apply that standard." United States v. Myrne 753 Fed Appx 855 (11ᵀᴴ Cir 2018) citing United States v. Ramirez-Flores 743 F.3d 816 (11ᵀᴴ Cir 2014). This Court has recently laid out the standard for apply-

-8-

ing USSG §1B1.13(b)(6) in cases like United States v. Howell 2024 USApp. LEXIS 22150 (11ᵀᴴ Cir 2024), much as the Sentencing Commission laid it out when it amended USSG §1B1.13 in 2023. By relying on the pre-2023 standard for motions pursuant to 18 USC § 3582(c)(1)(A), and cases interpreting that standard, the District Court clearly erred and should be reversed.

18) The ruling that §403 of the First Step Act was not a cognizable change in the law was also contrary to the text of USSG §1B1.13 (b)(6)(2023). The Sentencing Guidelines are interpreted using "the traditional tools of statutory interpretation." United States v. Brooks 2024 US App LEXIS 20109 (11ᵀᴴ Cir 2024). "[T]he fundamental precept of statutory interpretation is that language must be given its plain and ordinary meaning unless the statutory text or context requires otherwise. United States v. Chinchilla 987 F3d 1303 (11ᵀᴴ Cir 2021). And, "[T]he pre-eminent canon of statutory interpretation requires the court to presume that the legislature says in a statute what it means and means in a statute what it says there. United States v. Young 108 F 4ᵀᴴ 1307 (11ᵀᴴ Cir 2024) citing Packard v. Comm'r 746 F3d 1219 (11ᵀᴴ Cir 2014). "[T]he Eleventh Circuit will not resort to legislative history "to undermine the plain meaning of the statutory language." Drazen v. Pinto 101 F 4ᵀᴴ 1224 (11ᵀᴴ Cir 2024) citing Harris v. Garner 216 F3d 970 (11ᵀᴴ Cir 2000) (en banc), Ratzlaf v. United States 510 US 135 (1994) Once the District Court recognized the authority of the Sentencing Commission to enact USSG §1B1.13 (b)(6)(2023), it was bound by the lang-

-9-

USCA11 Case: 24-13429    Document: 10    Date Filed: 12/06/2024    Page: 15 of 21

uage of USSG §1B1.13(b)(6), and that language plainly states that any change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" may be considered as an extraordinary and compelling reason to reduce a sentence if the other conditions are met. Categorically excluding §403 of the First Step Act from consideration was error, and this Court should reverse and remand on this ground.

(8) The District Court also misappropriated United States v. McGee 992 F3d 1035 (10TH Cir 2021) to support the categorical exclusion of the change in the law effected by §403 of the First Step Act from the scope of 18 USC §3582(c)(1)(A). McGee states "that it can only be the combination of such a sentence and the defendants unique circumstances that constitute 'extraordinary and compelling reasons' for purposes of §3582(c)(1)(A)(i)," and this does nothing more than restate USSG §1B1.13(b)(6)(2023)'s requirement that the Court give "full consideration of the defendants individualized circumstances." Here, the District Court clearly and categorically excluded all relief because the motion was premised on the change in law effected by §403 of the First Step Act, and not because of Johnson's unique circumstances. This was error, and this Court should reverse and remand.

II. The District Court Erred In Failing To Consider The Nature And Seriousness Of Any Danger A 79-Year Old Johnson Would Pose After Serving His New Mandatory Minimum Sentence And By Placing Excessive Weight On The Crimes Johnson Committed Over Twenty Years Ago

19.) USSG §1B1.13(a)(2) states that a "court may reduce a term of imprisonment ...if...the court determines that... (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 USC §3142(g)." Bryant; United States v. Tinker 14 F 4ᵀᴴ 1234 (11ᵀᴴ Cir 2021)

20.) 18 USC §3142(g), in turn, requires that, in making a finding of dangerousness, the court consider:

"(1) the nature and circumstances of the offense charged...;

"(2) the weight of the evidence against the person;

"(3) the history and characteristics of the person, including –

"(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and,

"(B) whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release...; and,

"(4) the nature and seriousness of the danger to any person or the community that would be posed by the prisoner's release."

-11-

21) The District Court here discoursed at length on the crimes that Johnson commit, for which he was found guilty, factors (1) and (2) of the 18 USC §3142(g) analysis. Doc 196 p. 13-17. It then very briefly mentioned Johnsons mitigating prison history and his post-release plans, factor (3) of the 18 USC §3142(g) analysis. Doc 196 p. 16-17. Nowhere in its 18 USC §3142(g) analysis did the Court mention or consider Johnson's poor and deteriorating physical health (since the Court ruled, Johnson has been diagnosed with cancer), or the nature and seriousness of the danger Johnson would pose if his life plus sentence were reduced to the current mandatory minimum of 40 years and he were to be released more than a decade from now at age 79.

22) The District Court was permitted to give Johnsons crimes and his adjudicated guilt significant weight. United States v. Amedeo 487 F3d 823 (11TH Cir 2007). But, the District Court cannot fail to consider factors that should have been given significant weight. United States v. Butler 39 F4TH 1349 (11TH Cir 2022)

23) Here, the District Court did a very good job of showing that Johnson should have been in prison 21 years ago. It made no effort to show why Johnson should continue in prison past his 79TH birthday. And, while Johnson asked that the Court consider immediate release with the equivalent of 25 years time served, Johnson primarily argued that he should be re-

-12-

sentenced to between his mandatory minimum of 40 years and his revised guidelines of 53 years. Doc 195. This will lead to his release over a decade from now, at about 79. Doc 195. The 18 USC § 3142(g) factors were designed for determining whether a defendant should be released on bond, a time when the alleged crimes are usually recent, and, thus, the crimes of conviction feature prominently in them. Applying the 18 USC § 3142 (g) standard has to be not the nature and seriousness of the danger a person posed when the crime was committed, or even the nature and seriousness of the danger a person poses now, but the nature and seriousness of the danger a person will pose on the date they are released. Here, the District Court made no effort to explain the nature and seriousness of the danger Johnson will pose at age 79, and the failure to address this significant factor was legal error. This Court should reverse and remand.

24.) The Court also erred in its consideration of factor (3), when it failed to consider Johnson's health as part of its 18 USC § 3142(g) analysis, a purpose for which that evidence was proffered. Insted, the District Court only considered Johnson's health as part of its 18 USC § 3582 (c)-(1)(A)(i) analysis. Doc 196 p.12-13. Johnson's age and poor health render him incapable of committing further crimes. They also place a burden on the Federal Bureau Of Prisons ("BOP"), which has to accomodate Johnson and provide him medical care. The fact of Johnson's life sentence

requires the BOP to house him in unnecessarily severe conditions. Conditions which are more expensive to maintain, while, if Johnson's sentence were reduced, he could be transferred to a low and eventually a minimum security facility. Similarly, maintaining Johnson's life sentence merely places the BOP on the hook for Johnson's heart care, his cancer care, and, eventually, his end of life care. Where is the social benefit in imprisoning 70 and 80 year old men who pose no danger to anyone on the basis that they were dangerous in their 40s? And, this is especially true in this case where, while the crimes were serious and dangerous, these are the kind of crimes that typically receive much lighter sentences. The failure to consider Johnson's health as part of the 18 USC § 3142 (g) analysis and the excessive weighting of 21 year old crimes was error, and this Court should reverse and remand.

Respectfully Submitted,

Perry Johnson #33609-018

FCI-Cumberland

PO Box 1000

Cumberland, MD 21501

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Appellant's Opening Brief was mailed to the Clerk of the Court and AUSA Julia B. Kapusta, 1ST Class Postage Prepaid, this 27TH day of November, 2024.

*Perry Johnson*
Perry Johnson

-15-

USCA11 Case: 24-13429    Document: 10    Date Filed: 12/06/2024    Page: 21 of 21

Perry Johnson #33609-018
F.C.I. Cumberland
Federal Correctional INSTITUTION
P.O. Box 1000
Cumberland, M.D.        21501







U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)
DEC 03 2024
CLEARED SECURITY

Legal
Mail

<>33609-018<>
Eleventh Circuit
56 Forsyth ST NW
Clerk of Courts
Atlanta, GA 30303
United States